[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12884
Non-Argument Calendar
_____

Agency No. A98-730-586

SILVER JACKSON LHERISSON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 16, 2009)

Before TJOFLAT, MARCUS  and PRYOR, Circuit Judges.

PER CURIAM:

Silver Jackson Lherisson, a citizen and national of Haiti, seeks review of the

Board of Immigration Appeal's ("BIA") final order affirming the Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Lherisson argues that: (1) the IJ and BIA erred in finding he failed to meet his burden for asylum, withholding of removal, and CAT relief, and (2) the BIA erred in finding that, because he was ineligible for asylum, it necessarily followed that he was likewise ineligible for withholding of removal or CAT relief. After careful review, we affirm.

We review only the BIA's decision in this case, as the BIA did not expressly adopt the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual determinations under the highly deferential substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). We must "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (internal quotations omitted). Under this test, we view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz v.

Gonzales, 479 F.3d 762, 765 (11th Cir. 2007) (internal quotations omitted).

Credibility determinations, like other factual findings, are also reviewed under the substantial evidence test. Forgue, 401 F.3d at 1286. "[T]he trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the [BIA] with respect to credibility findings." Id. (internal quotations omitted). "The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." Id. at 1287 (internal quotations omitted). Credible testimony of the applicant alone may be sufficient to establish these factors. Id. However, "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). If the applicant introduces other evidence of persecution, the BIA must consider that evidence, "and it is not sufficient for the [BIA] to rely solely on an adverse credibility determination in those instances." Forgue, 401 F.3d at 1287.

Significantly, "an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. "[T]he [BIA] must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA's] credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Id. (internal quotations and citations omitted).

3

Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments. See In re B-, 21 I & N Dec. 66, 70 (BIA 1995).

Upon review of the record and the parties' briefs, we discern no reversible error. Substantial evidence supported the BIA's finding that Lherisson was not eligible for asylum because his testimony was not credible. Specifically, the BIA noted that his testimony at the hearing was inconsistent with his asylum interview, and inconsistent with his application for relief from removal. Given that the BIA offered specific, cogent reasons for its adverse credibility finding, supported by substantial evidence, the BIA did not err in finding Lherisson incredible. The record does not compel a contrary finding. Accordingly, because Lherisson has failed to meet his burden of proof, we affirm the BIA's denial of Lherisson's application for asylum, withholding for removal, and CAT relief.[1]

**AFFIRMED.**

---

[1] Where a petitioner is unable to meet his burden of proof to establish eligibility for asylum, it follows that he is also unable to meet the higher burden of qualifying for withholding of removal or CAT relief. See Al Najjar, 257 F.3d at 1292-93, 1303-04.